**United States District Court**
For the Northern District of California

1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    MARK LUGO,

10           Petitioner,                              No. C 10-01604 JSW

11      v.

12   RANDY GROUNDS,                                   **ORDER DENYING PETITION
                                                      FOR WRIT OF HABEAS CORPUS**
13           Respondent.

14   _____/

15          Petitioner, Mark Lugo, a state prisoner, has filed a petition for a writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254, seeking relief on the ground that the California Board of Parole

17   Hearings ("BPH") has violated the Due Process Clause of the 14th Amendment to the United

18   States Constitution by its denial of parole to Petitioner.  Specifically, Petitioner claims the

19   decision does not comport with due process because it is not supported by some evidence

20   demonstrating that he currently poses an unreasonable risk of danger to public safety.

21          The United States Supreme Court recently made clear that in the context of a federal

22   habeas challenge to the denial of parole, a prisoner subject to California's parole statute

23   receives adequate process when BPH allows him an opportunity to be heard and provides him

24   with a statement of the reasons why parole was denied.  *Swarthout v. Cooke*, 131 S.Ct. 859

25   (2011) (per curiam).  Here, the record shows Petitioner received at least this amount of process.

26   See Doc. no. 1, Exh. B at 29-55, 73–77.  The Constitution does not require more.  *Swarthout*,

27   131 S.Ct. at 863.

28

**United States District Court**
For the Northern District of California

1   The Supreme Court also made clear that whether BPH's decision was supported by

2 some evidence of current dangerousness is irrelevant in federal habeas: "it is no federal concern

3 . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the

4 Constitution demands) was correctly applied." *Swarthout*, 131 S.Ct. at 863.  Accordingly, the

5 instant federal Petition for a Writ of Habeas corpus is DENIED.

6   Further, a Certificate of Appealability is DENIED.  *See* Rule 11(a) of the Rules

7 Governing Section 2254 Cases.  Petitioner has not made "a substantial showing of the denial of

8 a constitutional right."  28 U.S.C. § 2253(c)(2).  Nor has Petitioner demonstrated that

9 "reasonable jurists would find the district court's assessment of the constitutional claims

10 debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may not appeal

11 the denial of a Certificate of Appealability in this Court but may seek a certificate from the

12 Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.  *See* Rule 11(a) of

13 the Rules Governing Section 2254 Cases.

14   The clerk shall terminate any pending motions as moot, enter judgment in favor of

15 Respondent and close the file.

16   **IT IS SO ORDERED.**

17

18 Dated: February 25, 2011               

19                 JEFFREY S. WHITE
                   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28